Lynn Peers WELCH, Appellant,

v.

Thomas L. VELTEN, Appellee.

No. 2003–SC–001000–DG.

Supreme Court of Kentucky.

Feb. 23, 2006.

Diana L. Skaggs, Sandra Ragland, Melinda Abney Whitton, Diana L. Skaggs & Associates, Louisville, Counsel for Appellant.

J. Fox DeMoisey, DeMoisey Law Office, Louisville, Counsel for Appellee.

## OPINION OF THE COURT

This appellate-procedure case presents the issue of whether a party's motion to dismiss her opponent's appeal pursuant to Kentucky Rules of Civil Procedure (CR) 76.34(6) suspends the running of time within which that party may file a notice of cross-appeal, pending a ruling on the motion to dismiss.

The Jefferson Family Court entered its final judgment in this marriage-dissolution proceeding on August 1, 2002. Both parties—Welch and Velten—filed timely motions to alter, amend or vacate the judgment pursuant to CR 59.05. Without expressly granting or denying either of those motions, the family court, on December 3, 2002, entered an opinion and order addressing their respective arguments and modifying or clarifying the original judgment.

Velten promptly filed a motion pursuant to CR 59 to alter, amend or vacate the opinion and order entered on December 3. The court denied that motion on June 27, 2003, and Velten filed his notice of appeal on July 18, 2003.

On July 28, 2003, Welch moved the Court of Appeals to dismiss Velten's appeal as untimely filed, arguing that Velten's time expired thirty days after entry of the opinion and order of December 3,

2002, which disposed of the CR 59 issues. Velten responded that the opinion and order of December 3 was essentially a new final judgment, and that his second CR 59 motion was therefore legitimate and served to terminate the running of time for appeal, which began anew when his motion was denied on June 27, 2003.

The Court of Appeals agreed with Velten and denied Welch's motion to dismiss the appeal on September 10, 2003. Welch filed her notice of cross-appeal on September 19. The Court of Appeals, *sua sponte*, ordered Welch to show cause why her cross-appeal should not be dismissed on grounds that the notice was filed out of time and, upon consideration of her response, dismissed the cross-appeal. We granted discretionary review to decide whether Welch's time for filing a notice of cross-appeal was suspended until the Court of Appeals ruled on her motion to dismiss the direct appeal. We do not decide whether Velten's notice of appeal was timely.

CR 73.02(2) mandates that, "The failure of a party to file timely a notice of appeal, cross-appeal, or motion for discretionary review shall result in a dismissal or denial." CR 74.01 provides for cross-appeals, and subsection (1) states, in part:

> Any party properly named as an appellee or cross-appellee may take a cross-appeal from a judgment of the trial court. A cross-appeal shall be denominated as such and shall be prosecuted like a regular appeal and governed by the Rules applicable thereto, except that the notice of cross-appeal shall be filed not later than 10 days after the last day allowed for the filing of a notice of appeal.

Assuming for purposes of the issue at hand that Velton did have the right to appeal within thirty days after entry of the June 27, 2003, order denying his second CR 59 motion, as the Court of Appeals ruled in its interlocutory order denying Welch's motion to dismiss, then the last day allowed for the filing of a notice of appeal would have been Monday, July 28. Welch's time for filing a notice of cross-appeal would have expired ten days later, on August 7, by our count. (Welch and the Court of Appeals arrived at August 6, but the difference is immaterial in this case.) Her filing on September 19 was far too late unless some agent outside of CR 74.01(1) paused the clock.

That agent, Welch contends, was her motion to dismiss the appeal pursuant to CR 76.34(6). That Rule, headed "Motion to dismiss appeal or cross-appeal," provides:

> (a) In addition to any other relief provided by these Rules, an adversary party may move to dismiss an appeal or cross-appeal because it is not within the jurisdiction of the appellate court or because it has not been prosecuted in conformity with the Rules; and

> (b) Timely filing of a motion to dismiss shall suspend the running of time for procedural steps otherwise required with regard to the appeal and any cross-appeal in the same proceeding, and the time will continue to run as provided by Rule 76.12(2) after the date an order is entered, denying the motion or passing it to the merits.

Welch argues that her motion to dismiss, filed on July 28, ten days before the August 7 deadline, stopped the running of time for the filing of a notice of cross-appeal, which filing she perceives to lie among those "procedural steps otherwise required with regard to the appeal and any cross-appeal in the same proceeding." When the Court of Appeals denied her motion to dismiss on September 10, Welch concludes, the clock resumed with ten days

remaining, so that her filing on September 19 was timely.

The Court of Appeals concluded that CR 76.34(6)(b) applies to procedural steps such as the filing of a prehearing statement or a brief, but not to a notice of cross-appeal, which, although it is a "procedural device," requires strict compliance with time limits for invoking appellate jurisdiction. Indeed, as the court observed, CR 73.02(2) mandates dismissal of an appeal which was untimely filed, but that observation begs the question, as it assumes Welch's filing to have been untimely. Time limits for invoking jurisdiction are established by the rules of procedure, and there is no reason to believe that the rules may not also provide for conditional suspension of the running of time. There is little in CR 76.34(6) to advise litigants of any crucial distinction between a "procedural step" and a "procedural device."

We recognize that CR 76.34(6)'s only reference to the resumption of the march of time, after a motion to dismiss appeal has been denied or passed to the merits, is that "time will continue to run as provided by Rule 76.12(2)," which rule deals only with the filing of briefs. If the suspension clause in CR 76.34(6) was intended to be limited to the filing of briefs, however, it would hardly be necessary or desirable to provide broadly for suspension "for procedural steps otherwise required." (We cannot rule out, but do not anticipate, a future case in which a party argues that procedural steps other than the filing of briefs are suspended indefinitely since the time-resumption clause is limited to CR 76.12(2).)

If there is an ambiguity in CR 76.34(6), we believe it is best resolved in favor of having appeals and cross-appeals decided on their merits. We perceive no prejudice to any party, and nothing inimical to the rules, in holding that Welch's notice of cross-appeal was timely filed.

The order dismissing Welch's cross-appeal is vacated, and this matter is remanded to the Court of Appeals with directions to consider the notice of cross-appeal to have been timely filed.

All concur.